UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                          Case No. 19-46937

GARIELLE NICOLE LEMON,                          Chapter 7

        Debtor.                              Judge Thomas J. Tucker
_____/

**ORDER DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

    This case is before the Court on the Debtor's motion entitled "Motion for Reconsideration of Order Denying Motion to Reopen Case," filed on February 2, 2021 (Docket # 23, the "Motion"), which the Court construes as a motion for reconsideration of, and for relief from, the Court's January 19, 2021 Opinion and Order Denying Debtor's Motion to Reopen Bankruptcy Case (Docket # 22, the "January 19 Order"). The Court will deny the Motion, for the following reasons.

    **First**, the Court finds that the Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3) (E.D. Mich.). The Court's decision in the January 19 Order was correct, and was not an abuse of discretion, based on the reasons stated in the January 19 Order. The Court's decision does not suffer from any "palpable defect."[1]

    **Second**, the allegations in the Motion do not establish excusable neglect under Fed. R. Civ. P. 60(b)(1), or grounds under Fed. R. Civ. P. 60(b)(6), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the Court's January 19 Order.

    **Third**, the Motion makes allegations (in paragraph 10) about many problems the Debtor had during the time period from when she filed this bankruptcy case (May 7, 2019) until the case was closed without a discharge (October 21, 2019). But the Debtor does not allege any valid excuse or explanation of why the Debtor waited almost 15 months after her case was closed to finally complete the course on personal financial management (on January 7, 2021) and to file her motion to reopen this case (on January 11, 2021).

    **Fourth**, the Motion alleges that the Debtor believed, erroneously, that she had completed the financial management course sooner. (*See* Motion at ¶¶ 10, 11). But the Motion does not allege or demonstrate any reason, let alone a valid excuse, for the Debtor having mistakenly held this belief. This is especially so, given the written reminders that the Court gave the Debtor and

---

[1] As the Motion acknowledges (in ¶ 16), a "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest, or plain." *Fieger & Fieger P.C. v. Nathan* (*In re Romanzi*), No. 16-13986, 2017 WL 1130091, at *2 (E.D. Mich. March 27, 2017) (citations omitted).

her attorney, clearly stating that the Debtor had *not* completed the course. (*See* January 19 Order at 3, 7-9).

**Fifth**, the Motion appears to allege, in substance, that the Debtor lost touch with her attorney at times. (*See* Motion at ¶¶ 10, 12). But the Motion does not allege that this was the fault of anyone but the Debtor herself, and does not allege any valid excuse for this.

**Sixth**, to the extent the Motion seeks relief based on Civil Rule 60(b)(6), it is without merit. Under that rule, relief is appropriate "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *In re Cassidy*, 273 B.R. 531, 537 (Bankr., N.D. Ohio 2002) (citing *Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). "This is because 'almost every conceivable ground for relief is covered' under the other subsections of Rule 60(b)." *Id.* (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

This case does not present such "exceptional or extraordinary circumstances." The circumstances here are addressed by Rule 60(b)(1), particularly the "excusable neglect" provision of Rule 60(b)(1), and the Debtor has not made a showing of such "excusable neglect" under that rule.

In addition, cases have held that relief under Rule 60(b)(6) requires a showing not just of "extraordinary circumstances," but rather "extraordinary circumstances suggesting that [the party seeking relief] is faultless in the delay." *See Q Technology v. Allard* (*In re Trans–Industries, Inc.*), 2009 WL 1259991 (E.D. Mich., May 1, 2009) at *6 (citing *Pioneer*, 507 U.S. at 392–93, 113 S.Ct. 1489). Not only are there no such "extraordinary circumstances" here, but also the Debtor is not "faultless in the delay."

**Seventh**, as the January 19 Order stated, the Debtor is not prohibited from filing a new bankruptcy case.

For the foregoing reasons,

IT IS ORDERED that the Motion (Docket # 23) is denied.

**Signed on February 4, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**